IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KAO SENG SAELEE                                                           PLAINTIFF

v.                                                                   No. 2:09CV147-M-S

CAPTAIN BANKS                                                             DEFENDANT

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Kao Seng Saelee, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that his housing classification at the Tallahatchie County Correctional Facility is based upon the erroneous categorization of a rule infraction he committed – and thus he has erroneously been placed in more restrictive housing. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

Saelee was found guilty of a rule infraction which he believes warrants a designation of "division D" – disrespecting an officer. Instead, defendant Captain Banks recorded the infraction as "division B" – assault and battery on staff. As a result of the "division B" designation, Saelee was placed on lockdown for several months. Saelee has submitted several grievances regarding this issue, but he has not received a response.

## *Sandin*

In view of the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court concludes that the plaintiff has failed to set forth a claim which implicates the Due Process Clause or any other constitutional protection. As the

Court noted, "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id.* at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id.*, the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

As in *Sandin*, Saelee's discipline was confinement in isolation, which falls "within the expected parameters of the sentence imposed by a court of law" and "did not preset the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). For this reason, the court holds that Saelee's allegations fail to state a claim upon which relief could be granted and shall be dismised. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 3rd day of November, 2009.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**